Anton Ewing (not an attorney)
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640

Plaintiff In Pro Per

**FILED**

AUG 1 2 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                            DEPUTY

# FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Senior Life Planning, LLC, a Florida limited liability company;<br><br><br><br><br>Defendant. | ) Civil Case No. 19-cv-1005 BAS LL<br>) [*The Honorable Judge Cynthia A. Bashant* ]<br>)<br>) **NOTICE OF PLAINTIFF'S**<br>) **MOTION FOR DEFAULT**<br>) **JUDGMENT PURSUANT TO FRCP**<br>) **55(b)**<br>)<br>)<br>)<br>)<br>)<br>) **Judge:  Hon. Cynthia A. Bashant**<br>) **Courtroom: 4B**<br>) **Hearing Date: September 16, 2019**<br>) **Time: NA** |

On September 16, 2019, pursuant to FRCP 55(b), Plaintiff Anton Ewing will

move the Court for entry of default judgment against Defendant Senior Life

Planning, LLC a Florida limited liability company, for multiple TCPA and CIPA

violations.

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 1

19CV1005

1  Dated:  August 12, 2019

2
                                        Anton Ewing
3                                          /S/ Anton Ewing
                                        Anton Ewing, Plaintiff
4                                       Pro per
                                        Anton@AntonEwing.com
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 2

Anton Ewing
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640

Plaintiff In Pro Per

# FEDERAL DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>Senior Life Planning, LLC, a Florida limited liability company<br><br>Defendant. | Civil Case No. 19-cv-1005 BAS LL<br>[*The Honorable Judge Cynthia A. Bashant*]<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b).**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Courtroom: 4B**<br>**Hearing Date: September 16, 2019**<br>**Time: NA**<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

19CV1005

# Table of Contents

PROCEDURAL HISTORY ............................................................................. 6

MEMORANDUM OF POINTS AND AUTHORITIES ................................... 7

RELEVANT FACTS ALLEGED IN THE COMPLAINT ............................... 8

SUMMARY OF LEGAL ANALSYS............................................................. 10

EVIDENCE OF DEFENDANT'S PHONE NUMBER.................................... 17

TREBLE DAMAGES IS WARRANTED........................................................ 18

THREE FACTORS FOR AMOUNT OF DAMAGES..................................... 18

CONCLUSION .............................................................................................. 19

19CV1005

1.     Plaintiff Anton Ewing ("Ewing") hereby respectfully moves the Court,

pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment,

against Defendant Senior Life Planning, LLC, a Florida LLC (herein "Senior Life

Planning" or "Defendant") in the amount of $64,000 (8 calls) as to Senior Life

Planning for violation of the TCPA, 47 USC §227(b)(1) and (c)(5), and CIPA, PC

§632.7 and §637.2, invasion of privacy, and illegal recording.   In the alternative,

Plaintiff moves the Court to enter default judgement as to liability only and

thereafter allow Plaintiff, pursuant to FRCP 55(b)(2), to engage in limited

discovery as to the amount of damages only.  Plaintiff expressly requests

permission to take the deposition of CEO Michael Comino and to propound

interrogatories and requests for production of documents.

2.     It appears that, pursuant to the authority vested in Rule 26(d)(1) and Rule

55(b)(2), courts have allowed discovery on the issue of damages after the entry of

default. *See Alstom Power, Inc. v. Graham*, No. 3:15-cv-174, 2016 U.S. Dist.

LEXIS 10112, 2016 WL 354754, at *3 (E.D. Va. Jan, 27, 2016)(collecting cases

and allowing the plaintiff to "engage in discovery limited to ascertaining the

existence and amount of damages for its three causes of action."); *Tristrata Tech.,*

*Inc. v. Medical Skin Therapy Research, Inc.*, 270 F.R.D. 161, 163 (D. Del.

2010) (noting that the plaintiff was "granted leave to conduct discovery on the

19CV1005

issue of damages" after the entry of default against the defendant); *DIRECTV, Inc. v. Guzzi*, 308 F. Supp. 2d 788,790-91 (E.D. Mich. 2004) (granting motion for default judgment as to liability only and ordering limited discovery "with respect to the amount of damages and attorney fees to be assessed" against defendants in default). *Oakley, Inc. v. Moda Collection, LLC*, No. SACV 16-160-JLS (JCGx), 2016 U.S. Dist. LEXIS 191048, at *19-20 (C.D. Cal. June 9, 2016). Plaintiff is mindful and respectful of the fact that granting post –default discovery is within the sole discretion of the Court.

## PROCEDURAL HISTORY

3.     The Complaint was filed on May 29, 2019 and served on Senior Life Planning, LLC (see ECF NO 3).   Default was entered against Senior Life Planning on June 21, 2019 (see ECF No. 5) by the clerk of the court.

4.     Plaintiff now files a motion for default judgment against Senior Life Planning.   The factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) are set forth below.

5.     Plaintiff and Defendant's CEO, Michael Comino, exchanged many emails in June 2019 in an attempt to reach a written settlement.   The parties agreed on price but could not agree on terms.

## MEMORANDUM OF POINTS AND AUTHORITIES

6.      Senior Life Planning should be treated, legally, as a disregarded entity for liability purposes since Mr. Comino uses it as a sham.  The judgment against Senior Life Planning should be allowed to pierce the vail and seek payment from Comino personally.  Michael Comino is the sole owner, operator, member and manager of Senior Life Planning.  Michael Comino uses Senior Life Planning as his alter ego and does not respect the formalities of entity operation.  And, it is a crime to violate 47 USC §501 by doing what has been made "unlawful" under 47 USC §227, that is, telemarketing with an ATDS.  No natural person can employ a legal person to commit his crimes.

7.      Defendant Senior Life Planning/Michael Comino have 2 civil lawsuits pending.  See *Ellicott vs. Comino*, 2019-CA-000145, 7th Judicial District, Flagler County Florida.  Defendant knows what it is doing is wrong and illegal.  Defendant is a scofflaw and with the help of this Honorable Court, this Plaintiff will do what 2 others have been unable to do, that is, to stop him.  In that regard, Plaintiff is asking the Court to enter a permanent injunction against Defendant Senior Life Planning as is expressly provided in both 47 USC §227(b)(3)(A) and 47 USC §227(c)(5)(A)  ("*an action based on a violation of the regulations prescribed under this subsection to enjoin such violation*").  Plaintiff continues to receive Senior Life Planning's pre-recorded scam messages on his phone even to this day

19CV1005

8.      It is rather clear that Defendant Senior Life Planning knows that telemarketing with a robodialer to numbers registered on www.donotcall.gov is illegal.  Defendant is just making way too much money to care about obeying the law by suckering poor people.  The Court is requested to send Senior Life Planning a message that will finally give it a "wake-up call."

## RELEVANT FACTS ALLEGED IN THE COMPLAINT

9.      Plaintiff received the following calls from Defendant Senior Life Planning:

      a.  5/2/2019 8:48 am

      b.  5/3/2019 2:51 pm

      c.  5/4/2019 9:10 am

      d.  5/6/2019 11:57 am

      e.  5/7/2019 1:06 pm

      f.  5/8/2019 10:17 am

      g.  5/20/2019 11:27 am

      h.  5/20/2019  12:11 pm

10.     The attached declaration of Anton Ewing and exhibits attached to the Complaint show a these 8 calls made by Defendant Senior Life Planning to Plaintiff.   Plaintiff can and would provide his AT&T phone bills to the Court to show these incoming calls from Defendant, under seal or *in camera,* if so requested.

19CV1005

11.     Paragraph 4 of the Complaint, PageID.2, alleges that Senior Life Planning placed repeated automatic telephone calls to Plaintiff's cell phone and that those calls exhibited signs of being made with an ATDS.  Paragraph 4 of the Complaint is incorporated by this reference as if fully set forth herein.

12.     Paragraph 5 of the Complaint alleges that Defendant's agent,, Gillespie, sent an email to Plaintiff which confirms the call and that email is attached to the Complaint as an exhibit.

13.     Paragraph 14 of the Complaint describes how Defendant had called multiple times prior to May 20, 2019 and how Gillespie stated Plaintiff's name on the call.

14.     Paragraphs 27 and 28 of the Complaint show that Defendant used an auto dialer and that there was no consent.

15.     Paragraph 34 of the Complaint alleges that Plaintiff's phone is registered on www.donotcall.gov and the Court may, if it wishes, independently verify and take judicial notice of the fact that Plaintiff's phone, 619-719-9640, was registered thereon in 2012.

16.     Plaintiff requested a copy of Defendant Senior Life Planning's do not call policy and did not receive it.  This is a violation of 47 USC §227(c)(5) because a violation of the regulations that required Senior Life Planning to provide a copy of the policy were violated.

19CV1005

17.    The TCPA is a strict liability statute and thus Plaintiff is not required to prove duty, breach, causation and damages like the prima facie elements of a negligence case.  Plaintiff did not consent to the calls.  Plaintiff put his phone number on www.donotcall.gov.  Plaintiff was called with an ATDS by this Defendant.  Plaintiff was called by Senior Life Planning with a prerecorded message each time.  Plaintiff's phone is a cellular phone.

18.    Plaintiff is requesting the Court to enter an injunction against defaulted Defendant Senior Life Planning to prohibit it from violating the TCPA in the future.  See Complaint paragraphs 60 and 65.   Senior Life Planning will not stop violating the law absent such an order.

## SUMMARY OF LEGAL ANALSYS

19.    Upon default, the factual allegations in the complaint are taken as true, except those related to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(b)(6).  Allegations of damages must be proven. *See Geddes, 559 F.2d at 560.* "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)). When

19CV1005

"proving-up" damages, admissible evidence supporting damage calculations is required. *Id.*

20.   "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 6 Moore's Federal Practice para. 55-05[2], at 55-24 to 55-26." *Eitel v. McCool* (9th Cir. 1986) 782 F.2d 1470, 1471-1472.

### a. Possibility of Prejudice to the Plaintiffs

    i.   There is a possibility of prejudice to a plaintiff when denying default judgment would leave them without an alternate recourse for recovery. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). "[In the absence of a default judgment, Plaintiff will be severely prejudiced because he will not be allowed to litigate his claims and will be effectively denied all relief." (*Id.* at 6.) Thus, this factor weighs in favor of granting default judgment.

### b. Merits of Plaintiff's Substantive Claim

19CV1005

i. Under the second and third *Eitel* factors, the Court must examine whether the plaintiff has pled facts sufficient to establish and succeed on its claims. *See Eitel*, 782 F.2d at 1471. These factors require the complaint "state a claim on which the plaintiff may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Plaintiffs argue they have stated a prima facie claim under the TCPA for both a willful and a negligent violation as well as CIPA violations under PC §637.2 and §632.7.

ii. Under the TCPA, Plaintiff must establish that (1) the phone calls were made using an automatic telephone dialing system ("ATDS"); (2) they were the "called party;" and (3) that defendants did not have Plaintiff's prior consent to make the calls. 47 U.S.C. § 227(b)(1)(A)(iii); *Meyer v. Portfolio Recovery Associates, LLC*, 77 F.3d 1036, 1043 (9th Cir. 2012).

iii. Under the first element, Plaintiff sufficiently alleged Defendant's calls to him were made using an ATDS. Regarding the second element, Plaintiff alleges he was the "called party" because the phone number Defendant dialed belonged to him. As for the last requirement, Plaintiff alleges he never gave Defendant consent to contact him and his numbers were on the Do Not Call list. Thus, the

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FRCP 55(b) - 12

19CV1005

Court should find Plaintiff pled sufficient facts to succeed on his TCPA claims.

iv. Plaintiff alleged in the Complaint that Defendant recorded their calls without warning, notice or permission.  See Complaint paragraph 4. Those facts are now, at this default stage, taken as true.  PC §632.7 and §637.2 provides for $5,000 per call.  Damages are set by statute.

c.  **Sufficiency of the Complaint**

i. "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions. See *Totten v. Hurrell*, No. 00–2718, 2001 U.S. Dist. LEXIS 20259, at *2 (N.D. Cal. Nov. 28, 2001) (stating that "the 'sum of money at stake' factor [under *Eitel*] is meant to focus on the size of the award requested, as courts are hesitant to enter default judgments where large sums of money are at stake," and finding an award of $19,977.74 not a "large money judgment" in today's world).  The $64,000 requested by Plaintiff is not unreasonably large given the scale of Defendant Senior Life Planning's operations.

d.  **Sum of Money at Stake**

i.      It is squarely within the Court's sound and complete discretion to award treble damages or not.  Plaintiff requests $1,500 in treble damages for the intentional or willful TCPA violations.  "If the court finds that the defendant willfully or knowingly violated" the TCPA, it may award treble damages. 47 U.S.C. § 227(b)(3)(C).  Here, Defendant's willfulness is clearly pled and their past acts against others who have filed recent TCPA actions against them is judicially noticeable.  Plaintiff alleges significant facts regarding Defendant's willfulness and intent.  The facts Plaintiff includes that go to willfulness are the fact that his phone numbers was placed on the National Do Not Call Registry.  Ewing clearly posts on his own web pages to not call.   While it is true that even a single, non-consented to phone call violates the TCPA, there must be something more than just the single call to constitute willfulness, otherwise every violation of the TCPA would be *per se* willful. Questions the complaint answers include whether Defendant had prior knowledge of their phone number's registration on the Do Not Call List and that Defendant had a duty to check.

ii.      One court defines a willful violation as when a "Plaintiff notifies Defendant to stop calling and Defendant disregards the

request." *Sapan v. Authority Tax Services, LLC*, Civil No. 13cv2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). Here, Defendant Senior Life Planning and Michael Comino called Plaintiff 8 times. That court stated "[t]he purpose of the TCPA is for defendants' to prevent repeated, unwanted telemarketing calls by honoring do-not-call requests." Other courts have acknowledged a split in authority as to "what predicate conduct is required before a treble damages awar[d] be issued." *J2 Global Communications, Inc. v. Blue Jay Inc.*, No. C 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009) (noting the split is between (1) whether the defendant needs knowledge that their conduct violated the law and (2) whether that merely sending the unsolicited communication was enough, even if the defendant had no knowledge it was breaking the law).

iii.    Here, the Court should find enough in the complaint to support a finding that Defendant Senior Life Planning acted willfully or knowingly violated the law.  *See Sapan*, 2014 WL 12493282 at *3 (finding plaintiff sufficiently pled recovery of trebled damages when defendant made 72 phone calls without consent and while plaintiff's number was registered on the Do Not Call List).

19CV1005

### e. Possibility of a Dispute Concerning Material Facts

i. The next pertinent *Eitel* factor considers whether there are disputed material facts. "Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages." *PepsiCo*, 238 F. Supp. 2d at 1177. Here, Plaintiff has alleged sufficient facts to support his claims as analyzed above. Moreover, because Defendant failed to participate in litigation, the clerk entered default against it, submitting all well pleaded facts as true. Thus, there is no dispute of material facts and this factor favors the entry of default judgment against defendants.

### f. If Default was Due to Excusable Neglect

i. There is no indication that Defendant allowed its default to be taken as a result of excusable neglect. After being served with the complaint, Defendant simply failed to respond or even participate in defending themselves. The Court has nothing to support a finding that Defendant's neglect was excusable. Consequently, this factor weighs in favor of the entry of default judgment.

### g. Policy Favoring Decisions on the Merits

i. Although default judgment is disfavored, a decision on the merits is impractical, if not impossible, when the Defendant takes no part in

19CV1005

the action. *Penpower Technology Ltd. v. S.P.C. Technology*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008). Given that Defendant has failed to respond, the general preference for resolution on the merits is not equally applicable. *See, e.g.*, *id.* In sum, the relevant considerations weigh in favor of entry of default judgment against Defendant.

## EVIDENCE OF DEFENDANT'S PHONE NUMBER

21.  A standard practice of telemarketers is to use a rather simple telephone number ID spoofing application. Defendant has exactly done this. Spoofing is the act of deceptively faking another number for your own number on a caller ID of the recipient[1]. Further, sophisticated telemarketers, like this Defendant, often use junk or throw-away numbers from Googlevoice. Anyone can obtain dozens of linked phone numbers from Googlevoice in a matter of seconds, for free[2]. Telemarketers are getting more and more clever and cunning, just like Defendant Senior Life Planning. Notwithstanding, Defendant used the above stated numbers to call Ewing on the dates and times shown. Each call contains

---

[1] And thus the phone bill as well.

[2] https://voice.google.com/signup  then pick a number from whatever location, enter cell number, confirm the PIN code that is sent via text and that is all it takes to become a spammer. The Court is encouraged to see how powerful and deadly this technology is or how it could be used by telemarketers for harassing millions of Americans.

19CV1005

or justifies $1,500 for violating §227(b) by using an ATDS; plus $1,500 for

violating §227(c) for calling a DNC registered phone, or plus $1,500 for failure

to send a written copy of the DNC policy after express request therefor, or plus

$1,500 for failure to identify caller in the beginning of each call; plus $5,000 for

the recording in violation of PC §637.2.

**TREBLE DAMAGES IS WARRANTED**

Ewing has also established that Defendant has been sued in other TCPA

lawsuits over the last five years and that Senior Life Planning continues to engage

in massive telemarketing operations in violation of the TCPA.  It is also important

to note that Senior Life Planning has continued to get sued over and over, year

after year.

**THREE FACTORS FOR AMOUNT OF DAMAGES**

The Court must address three issues when considering TCPA damages. *See,*

*e.g., Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 at *15-17; *j2*

*Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 at *7-

8; *Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S.

Dist. LEXIS 44930, 2015 WL 1522244 (N.D. Cal. March 16, 2015) *adopted as*

*modified by* No. 14-cv-02445-BLF, 2015 U.S. Dist. LEXIS 44933, 2015 WL

1544229 (N.D. Cal. April 3, 2015). First, the Court must determine the number

of TCPA violations the Plaintiff has established. *Heidorn*, 2013 U.S. Dist. LEXIS

177166, 2013 WL 6571629 at *15; *Roylance*, 2015 U.S. Dist. LEXIS 44930, 2015

WL 1522244 at *9.   Here, Ewing established 8 violations under §§ 227(b) and (c).

Ewing establishes that each of the 8 calls that he received from Michael Comino

and Senior Life Planning violated the TCPA's prohibition on automated telephone

calls. §227(b)(1)(A).   Ewing also establishes 8 violations for failure to identify the

caller[3] and 8 violations for initiating a call without an internal do-not-call policy

available upon demand. §227(c)(5).   Ewing establishes that the calls were made in

violation of the national do-not-call list (registry) because he provides evidence

that his number was on the list during the relevant time (Ewing registered 619-719-

9640 on 2/16/2012 – all were at least 31 days prior to the offending calls).   In total,

as to Senior Life Planning, Ewing establishes $24,000 of TCPA violations or 8

Michael Comino calls at $3,000 per call.   The $3,000 per call is based on one

willful or knowing violation of §227(b)(1)(A) and one willful or knowing violation

of §227(c)(5), per call ($500 x 3 plus $500 x 3 - $3000).   Each CIPA violation is

$5,000 per call pursuant to PC §637.2.   8 calls at $5,000 per call is $40,000.   The

grand total therefore is $64,000 for federal and state law violations.

## CONCLUSION

**Wherefore,** the Court should grant Plaintiff's motion for default judgment

because the defaulted Defendant has admitted to wrongdoing and default has been

entered against them in this matter.   Additionally, Plaintiff has shown that each of

---

[3] Additionally, the Telemarketing Sales Rule from the FCC sets for that each telemarketer is required to disclose who they are at the beginning of the call.  Defendants did not do this.  Further, fraudulently disclosing that you are certified and licensed by Google is not a disclosure within the meaning of the TSR.

the *Eitel* factors tip the scales of justice toward entry of judgment as plead and proven.  Finally, if it pleases the Court, Plaintiff has proven by a preponderance of uncontroverted evidence, supported by sworn declarations and actual audio evidence, that this defendant violated the law on specific dates.

    Dated:  August 12, 2019

               Anton Ewing

                /S/ *Anton Ewing*

               Anton Ewing, Plaintiff

               Pro per

19CV1005

**Cases**

*Amini Innovation Corp. v. KTY Int'l. Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011) ................................................................................................................. 13

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) ........................................ 6

*Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ............................. 13

*Global Commc'ns*, 2009 U.S. Dist. LEXIS 111609, 2009 WL 4572726 ................ 22

*Heidorn*, 2013 U.S. Dist. LEXIS 177166, 2013 WL 6571629 ............................... 22

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) ................................................................................................................. 13

*Roylance v. ALG Real Estate Services, Inc.*, No. 5:14-cv-02445-PSG, 2015 U.S. Dist. LEXIS 44930 ........................................................................................... 22

19CV1005

Anton Ewing (not an attorney)
3077 B Clairemont Drive #372
San Diego, CA 92117
619-719-9640

Plaintiff In Pro Per

# FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anton Ewing, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Senior Life Planning, LLC, a Florida<br>limited liability company<br><br><br><br>Defendant. | ) Civil Case No. 19-cv-1005 BAS LL<br>) [*The Honorable Judge Cynthia A.*<br>) *Bashant* ]<br>)<br>) **DECLARATION OF ANTON**<br>) **EWING REGARDING**<br>) **DEFENDANT**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S AFFIDAVIT

I, Anton Ewing, declare under penalty of perjury, as provided for by the

laws of the United States, 28 USC §1746, that the following statements are true:

1. I am over 18 years of age and I have personal knowledge of the facts

   stated herein.

2. I am the Plaintiff in this case.

DECLARATION OF ANTON EWING IN SUPPORT OF DEFAULT JUDGEMENT MOTION - 1

19CV1005

3. Defendant Senior Life Planning, LLC is also legally known as Quick Capital Partners and said LLC is solely owned by Michael Comino.

4. I received 8 pre-recorded message telephone calls from Defendant Senior Life Planning, LLC on my personal cellular phone as shown below.

5. My personal cellular phone number is 619-719-9640 and I registered this number on www.donotcall.gov in 2012.

6. After getting through the recorded message that Defendant Senior Life Planning, LLC played each time, I asked the person for a copy of their do not call policy and then I asked to be put on their internal do not call list.

7. At the end of each conversation with the person who was on the phone, I asked if the call was recorded and the person admitted that yes it was but claimed that it was for "training and quality purposes only."

8. I was called from 888-881-4102 by "Lisa" on May 20, 2019, and Lisa stated that she worked for Quick Capital Partners.

9. Lisa admitted that the call was being recorded well into the call and well after confidential personal and private information had been exchanged.

10. I was called by Catherine Gillespie, an employee of Defendant, on May 20, 2019 from 386-400-5060.

11. The allegations that I have made in the Complaint filed in this matter are true and correct.

DECLARATION OF ANTON EWING IN SUPPORT OF DEFAULT JUDGEMENT MOTION - 2

19CV1005

12. I have my original AT&T bills that back up and document each of the calls delineated below. I am familiar with telemarketing rules and I made a contemporaneous account of each and every call that Defendant Senior Life Planning, LLC made to my cell phone on the following dates and times with his pre-recorded message:

1) 5/2/2019 8:48 am

2) 5/3/2019 2:51 pm

3) 5/4/2019 9:10 am

4) 5/6/2019 11:57 am

5) 5/7/2019 1:06 pm

6) 5/8/2019 10:17 am

7) 5/20/2019 11:27 am

8) 5/20/2019 12:11 pm

13. I asked Defendant Senior Life Planning, LLC to stop calling me on May 20, 2019 and several times after that.

14. I have an audio recording of the Senior Life Planning, LLC pre-recorded message for the Court and will provide the same on a CD if it pleases the Court.

Dated:  August 12, 2019

Anton Ewing
/S/ Anton Ewing
Anton Ewing, Plaintiff
Pro per

DECLARATION OF ANTON EWING IN SUPPORT OF DEFAULT JUDGEMENT MOTION - 3

19CV1005

# PROOF OF SERVICE

I, Anton Ewing, am over 18, a pro per plaintiff in this matter and an authorized CM/ECF user by court order.  I have filed this Motion for Entry of Default Judgment and Declaration of Plaintiff Ewing in Support thereof and had it served on Defendant as follows:

**3:19-cv-1005 BAS LL  Notice has been electronically mailed to:**

I have also emailed a copy of this document to Defendant directly at the email address he uses to communicate with me at:
mgvcomino@gmail.com

Additionally I mailed this pleading, first class postage prepaid, to:

Michael Comino, CEO
Senior Life Planning, LLC
14 Renshaw Place
Palm Coast, FL 32164

All ECF users in this case have been served with a true and accurate copy via email.

I swear under penalty of perjury that the above was served as stated.
Dated: August 12, 2019

/S/ Anton Ewing
Anton Ewing

DECLARATION OF ANTON EWING IN SUPPORT OF DEFAULT JUDGEMENT MOTION - 4

19CV1005