# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                      Plaintiff,<br><br>    v.<br><br>SENIOR LIFE PLANNING, LLC,<br><br>                      Defendant. | Case No. 19-cv-1005-BAS-LL<br><br>**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT**<br><br>**[ECF No. 7]** |

Anton Ewing filed a Complaint against Senior Life Planning, LLC, for violations of the Telephone Consumer Protection Act ("TCPA") under both 47 U.S.C. §227(b) (using an automatic telephone dialing system ("ATDS") to deliver a message without the consent of the owner) and § 227(c) (contacting a cellular telephone listed in the Do Not Call database). ("Complaint," ECF No. 1.) Senior Life Planning, LLC has failed to respond.

Mr. Ewing now seeks default judgment in the amount of $64,000 for eight telephone calls placed in violation of the TCPA. (ECF No. 7.) He seeks $1,500 per telephone call per violation for a total of $24,000, and he also seeks damages under the California Penal Code for unauthorized recording of a cellular telephone call. (*Id.*)

The Court, in its discretion, declines to award treble damages per telephone call, but will award $500 per telephone call for each violation for a total of $8,000. Furthermore, the Court finds Mr. Ewing has failed to allege a cause of action or facts supporting a cause of action for violation of California Penal Code §637.2, and, therefore, declines to award damages under this section.

I. **LEGAL STANDARD**

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications to the court for default judgment. *See* Fed. R. Civ. P. 55(b)(2). Default judgment is available as long as the plaintiff establishes: (1) defendant has been served with the summons and complaint and default was entered for its failure to appear; (2) defendant is neither a minor nor an incompetent person; (3) defendant is not in the military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if defendant has appeared in the action, that defendant was provided with notice of the application for default judgment at least seven days prior to the hearing. *See* Fed. R. Civ. P. 55; *Twentieth Century Fox Film Corp., v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006). The Court must also satisfy that it has personal jurisdiction over the defendant and that plaintiff has standing to bring the lawsuit. *See In re Tuli,* 172 F.3d 707, 712 (9th Cir. 1999) (holding when considering whether to enter default judgment, court may dismiss an action *sua sponte* for lack of personal jurisdiction because a judgment entered without subject matter or personal jurisdiction over the parties is void).

Entry of default judgment is within the trial court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the

strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470 1471–72 (9th Cir. 1986).

Upon entry of default, the factual allegations in plaintiff's complaint, except those relating to damages, are deemed admitted. *TeleVideo Sys., Inc., v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987). Where the amount of damages claimed is a liquidated sum or capable of mathematical calculation, the court may enter a default judgment without a hearing. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). In determining damages, a court may rely on declarations submitted by the plaintiff in lieu of a full evidentiary hearing. *See Philip Morris USA v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing Fed. R. Civ. P. 55(b)(2)).

## II. DISCUSSION

### A. Procedural Requirements

Plaintiff has satisfied the procedural requirements for default judgment pursuant to Rules 55 and 54(c) of the Federal Rules of Civil Procedure. Pursuant to Rule 55(a), the Clerk of Court properly entered default against Defendant Senior Life Planning, LLC. (ECF No. 5.) The Registered Agent of Senior Life Planning, LLC was personally served with the summons and complaint, and Senior Life Planning LLC failed to plead or otherwise defend this action. (ECF No. 3.) Defendant is not a minor, an incompetent person, nor is it subject to the Soldiers and Sailors Civil Relief Act of 1940. Furthermore, Defendant was also served with a copy of the present Motion at least seven days prior to the hearing. (ECF No. 7.)

Thus, the Court, in its discretion, may order default judgment against Defendant. But, before entering default judgment, the Court reviews personal and subject matter jurisdiction, as well as the factors enumerated in *Eitel*.

### B. Jurisdiction and Standing

#### 1. Personal Jurisdiction

Plaintiff alleges specific personal jurisdiction over Senior Life Planning, LLC. (Complaint ¶ 30.) The Ninth Circuit employs a three-part test to determine whether

– 3 –

the defendant's contacts with the forum state are sufficient to subject it to specific jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Under the three-part inquiry, specific jurisdiction exists only if: (1) the out-of-state defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the cause of action arose out of the defendant's forum-related activities and (3) the exercise of jurisdiction is reasonable. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001). The plaintiff bears the burden of satisfying the first two prongs of this specific jurisdiction test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

Plaintiff has successfully shown that Senior Life Planning LLC purposely availed itself of the privilege of conducting activities in the forum when it placed telephone calls to Plaintiff whose telephone and residence were in the Southern District of California. Furthermore, since the cause of actions under the TCPA arose out of these forum-related activities, Plaintiff has sufficiently satisfied the first two prongs of the specific jurisdiction test. Because Senior Life Planning LLC has failed to respond to the Complaint, it has not met its burden to show that exercise of jurisdiction in this forum would not be reasonable.

### 2. Standing

Plaintiff bears the burden of establishing that he has standing to bring the claims at issue. To demonstrate standing, plaintiff must show that he has suffered an injury in fact, fairly traceable to the challenged conduct of the defendant, and that this injury in fact is likely to be redressed by a favorable judicial decision. *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). To establish injury in fact, plaintiff must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and

'actual or imminent, not conjectural or hypothetical.'" *Id.* A plaintiff does not automatically satisfy the injury in fact requirement whenever a statute grants a statutory right and purports to authorize that person to sue to vindicate that right. *Id.* at 1549. Article III standing requires a concrete injury even in the context of a statutory violation. *Id.*

In this case, Plaintiff alleges that he was called on his cellular telephone at least five times by Defendant. (Complaint ¶ 41.) Plaintiff says he "expressly informed Defendant to cease and desist from all future telemarketing on the first call." (*Id.*). Plaintiff alleges that his "personal privacy and peace . . . was invaded by Defendant's persistent phone calls using an ATDS and a pre-recorded message." (*Id.*) Finally, Plaintiff claims he has registered his telephone on the Do Not Call list specifically because he does not wish to receive these telephone calls. (*Id.* ¶ 34.) This is sufficient injury in fact, fairly traceable to the challenged conduct of the defendant, to satisfy standing under *Spokeo*. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017) ("Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."). Furthermore, this injury is likely to be redressed by a favorable judicial decision. Therefore, Plaintiff has standing to bring the claims.

### C. *Eitel* Factors

#### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff attempted to prevent telemarketing calls by putting his name on the Do Not Call list and by instructing Defendant not to call his number again, to no avail. If default judgment is not entered, Mr. Ewing will be without recourse to recover for the injury suffered by this violation.

### 2. Substantive Merits and Sufficiency of the Complaint

Two of the *Eitel* factors are (1) the merits of the plaintiff's substantive claim, and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471–72. The Ninth Circuit has suggested that these two factors require that a plaintiff "state a claim on which the [plaintiff] may recover." *Kleopping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

In Counts One and Two, Plaintiff alleges violations of the TCPA, section 227(b)(1)(A) (first count—call to a cellular line)) and (b)(1)(B) (second count—call to a residential telephone) even though he is alleging all telephone calls were made to his personal telephone number (619)719-9640. He fails to allege that this is a residential line, therefore, the Court analyzes the cause of action under (b)(1)(A).

In the Ninth Circuit, to prove a violation of 47 U.S.C. §227(b)(1)(A), a plaintiff must show that "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). The plaintiff must be the "called party," which includes "a telephone service subscriber." *Drew v. Lexington Consumer Advocacy*, No. 16-cv-00200-LB, 2016 WL 9185292, at *6 (N.D. Cal. Aug. 11, 2016).

Plaintiff has sufficiently alleged a violation of the TCPA. He claims that Catherine Gillespie, an employee of Senior Life Planning, LLC, called his cellular telephone multiple times using an automatic telephone dialing system. (Complaint ¶¶ 1, 4, 27, 31, 41.) He supports his claims that an ATDS was used by alleging additional claims that: (1) Gillespie admitted using an ATDS on her computer to dial his telephone (*id.* ¶ 4); (2) he heard a pause or click before the call, commonly associated with an ATDS (*id.* ¶ 38); (3) there was a long delay when the calls were connected (*id.* ¶ 38); (4) an audio recording via robotic voice message initiated the call (*id.* ¶ 46); (5) the calls were impersonal advertisements, not addressing Plaintiff

personally (*id.* ¶ 46); (6) Plaintiff has never heard of Senior Life Planning, has never visited any location operated by it, has never provided his cellular telephone number to it, has never had a prior business relationship with it and has never purchased a product or service from it (*id.* ¶ 46); and (7) he has no reason to be contacted by Defendant (*id.* ¶ 46.) Plaintiff alleges he did not give permission or consent for these calls. (*Id.* ¶ 28.) The calls were placed from a number owned, used and controlled by Senior Life Planning, LLC. (*Id.* ¶ 31.) Thus, Plaintiff has stated a claim under which he may recover.

In Count Three, Plaintiff alleges that he received telemarketing calls from Senior Life Planning, LLC, despite the fact that he had registered his telephone number with the Do Not Call database, in violation of 47 U.S.C. §227(c). Section 227(c) directs the Federal Communications Commission to formulate regulations to protect telephone subscribers' privacy rights and to establish a national database of telephone subscribers who object to receiving telephone solicitations (the "Do Not Call Registry"). *See Kazemi v. Payless Shoesource, Inc.*, No. C 09-5142 MHP, 2010 WL 963225, at *2 (N.D. Cal, Mar. 16, 2010); 47 U.S.C. §227(c)(3). The regulations promulgated under §227(c) prohibit telephone solicitation to any telephone number on the Do Not Call Registry. *Id.*; 47 C.F.R. § 64.1200(c). Section 227(c)(5) establishes a private right of action for a person who has received a telephone call in violation of these regulations. *Id.*

Plaintiff alleges that Defendant called him multiple times on his Do Not Call registered cell phone. (Complaint ¶¶ 19, 34.) "Defendant's employee asked if Plaintiff was interested in merchant cash advances or business loans." (*Id.* ¶ 31.) Thus, Plaintiff alleges a cause of action under § 227(c).

Finally, although Plaintiff states no cause of action for a violation of California's Invasion of Privacy Act ("CIPA"), or California Penal Code §637.2, the Prayer for Relief alleges damages under this section. To prove a violation of CIPA, a plaintiff must prove: "(1) that [defendant] recorded a telephone call with [plaintiff],

(2) that one of the parties to the recorded call was using a cell phone, and (3) that plaintiff did not consent to the recording." *NEI Contracting and Eng'g, Inc. v. Hanson Aggregates Pac. Sw. Inc.*, No. 12-cv-1685 BAS (JLB), 2016 WL 4886933, at *3 (S.D. Cal. Sept. 15, 2016).

Although Plaintiff alleges he received multiple telephone calls on his cellular telephone, his allegations regarding the recording of any of those telephone calls is sparse. The only reference to recording is in paragraph 4 when he alleges, "The initial lady on the phone said her name was Lisa . . . Lisa then transferred the call to her funding manager, Gillespie [the Senior Life Planning employee who allegedly placed the calls using an ATDS]. Lisa admitted that she was recording the call at the end and not the beginning." (Complaint ¶ 4.) To the extent Plaintiff is alleging violations of CIPA, the allegations in the Complaint are insufficient. There is no allegation that any telephone call with a Senior Life Planning employee was recorded. To the extent Plaintiff is alleging Lisa recorded a telephone call, it is not clear what telephone call was recorded or what part of a call was recorded, nor is Lisa's role with Senior Life Planning clear. The Complaint suggests Lisa's only role was to transfer the call to the Senior Life Planning executive. Hence, to the extent Plaintiff is requesting default judgment on this cause of action, the substantive merits and sufficiency of the Complaint weigh against granting default judgment.

### 3. **Sum of Money at Stake**

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1175; *see also Eitel*, 782 F.2d at 1471–72. Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct. *Truong Giang Corp. v. Twinstar Tea Corp.,* No. C 06-03594 JSW, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Plaintiff is requesting $64,000 in damages for eight telephone calls. However, $40,000 of that request is made for a violation of CIPA, which, as discussed above,

the Court finds is insufficiently alleged. Plaintiff is requesting $24,000 for the TCPA violations. In light of the fact that this is no more than is allowed under the statute, the Court finds this factor supports granting default judgment.

### 4. Possibility of Dispute

The next *Eitel* factor considers the possibility that material facts are disputed. *PepsiCo,* 238 F. Supp. 2d at 1471–72. Generally, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts allegations in the complaint as true and (2) Defendant has not made any effort to challenge the complaint or otherwise appear in this case. *See Pepsico, Inc.*, 238 F. Supp. 2d at 1177. Therefore, this factor weighs in favor of granting default judgment.

### 5. Possibility of Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's default may have resulted from excusable neglect. *PepsiCo,* 238 F. Supp. 2d at 1177; *see also Eitel,* 782 F.2d at 1471–72. Defendant was properly served with the Complaint. (ECF No. 3.) Defendant was also served with both the Request for Entry of Default and the Motion for Default Judgment. (ECF Nos. 4, 7.) Defendant has not responded. Thus, the possibility that Defendant's default resulted from excusable neglect is remote. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 996, 1005 (N.D. Cal. 2001) (finding no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Accordingly, this factor weighs in favor of the entry of default judgment.

### 6. Policy Favoring Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel,* 782 F.2d at 1472. The mere enactment of Rule 55(b) indicates, however, that "this preference, standing alone, is not dispositive." *PepsiCo,* 238 F. Supp. 2d at 1177 (quoting *Kloepping*, 1996 WL 75314, at *3 ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible.")).

1  Since Defendant failed to plead or otherwise defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

### 7. Conclusion

Aside from the policy of deciding cases on the merits, all of the *Eitel* factors weigh in favor of the entry of default judgment on the TCPA claims. Consequently, the Court finds it appropriate to grant Plaintiff's motion for default judgment against Defendant on Counts One and Three. Because Plaintiff fails to adequately allege sufficient facts in the Complaint to support the second cause of action and any claim under CIPA, the Court denies default judgment on these claims.

### D. Damages

Under Rule 8(a)(3), a plaintiff's demand for relief must be specific, and plaintiff "must 'prove up' the amount of damages." *Philip Morris USA Inc. v. Banh,* No. CV 03-4043 GAF (PJWx), 2005 WL 5758392, at *6 (C.D. Cal. Jan. 14, 2005); *Elektra Entmn't Grp., Inc. v. Bryant,* No. CV 03-6381 GAF (JTLX), 2004 WL 783123, at *5 (C.D. Cal. Feb. 13, 2004) ("Plaintiffs must 'prove up' the amount of damages that they are claiming."). Rule 54(c) limits the relief that can be sought in a motion for entry of default judgment to that identified in the complaint. Fed. R. Civ. Proc. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."); *see also PepsiCo*, 238 F. Supp. 2d at 1174 (default judgment "shall not be different in kind from or exceed in amount that prayed for in the [complaint]'"). Also, a defaulting defendant is not deemed to have admitted facts concerning damages alleged in the complaint. *See id.* at 1177 ("Upon entry of default, all well pleaded facts in the complaint are taken as true, except those relating to damages" (citing *TeleVideo Sys.,* 826 F.2d at 917–18)).

In his Motion for Default Judgment, Mr. Ewing requests $64,000 in damages plus an injunction ordering Senior Life Planning, LLC to stop calling his cellular

telephone.[1] Mr. Ewing attaches a Declaration to his Motion detailing eight telephone calls he received on his personal cellular telephone number (619-719-9640), a number he has registered with the Do Not Call Database since 2012. (ECF No. 7, Declaration of Anton Ewing, at ¶¶ 4, 5, 12.) Mr. Ewing requests $1,500 in statutory damages for each telephone call (or $12,000) for the cause of action under §227(b), that is, making a telephone call with the use of an ATDS. He also requests an additional $1,500 in statutory damages for each telephone call (an additional $12,000) for the cause of action under §227(c), that it, making a telephone call to a telephone number registered with the Do Not Call list. Finally, although there is no cause of action in the Complaint for a violation of California's Invasion of Privacy Act ("CIPA"), Ewing requests an additional $5,000 per telephone call (or $40,000) for the unlawful recording of his eight telephone calls.

As discussed above, the Court declines to grant the Motion for Default Judgment to the extent Mr. Ewing is requesting damages under CIPA. Hence the Court analyzes only the $24,000 requested under the TCPA.

Both §227(b) and §227(c) provide that, in lieu of actual damages, a plaintiff may request statutory damages of up to $500 per violation. Courts considering the issue have allowed separate recoveries for an ATDS violation and one for a violation of the Do Not Call list even if the violations occurred in the same telephone call. *See, e.g.*, *Heidarpour v. Empire Capital Funding Grp., Inc.,* No. 18-cv-250-YGR (KAW), 2018 WL 6809186, at *6 (N.D. Cal. Oct. 25, 2018); *Lexington Consumer Advocacy*, 2016 WL 9185292, at *10; *Roylance v. ALG Real Estate Servs., Inc*., No. 5: 14-cv-2445-PSG, 2015 WL 1522244, at *10 (N.D. Cal. Mar. 16, 2015) ("'[T]he fact that the statute includes separate provisions for statutory damages in subsections (b) and

---

[1] To the extent Mr. Ewing requests that default judgment be entered on liability only and that Mr. Ewing be allowed to conduct discovery on the issue of damages, the Court declines that request. Mr. Ewing fails to show what such discovery would uncover. And, given the fact that Defendant has not responded in any way to the Complaint, Mr. Ewing fails to explain how he expects to get Defendant to respond to discovery requests.

(c) suggests that a plaintiff could recover under both.'" (quoting *Carvat v. NMP, LLC*, 656 F.3d 440, 448 (6th Cir. 2011))). This Court agrees that separate recoveries should be allowed for each violation.

If the Court finds that Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to $1,500 per telephone call. 47 U.S.C. §§ 227(B)(3)(c); *Sapan v. Authority Tax Servs., LLC*, No. 13-cv-2782 JAH (JLB), 2014 WL 12493282, at *2 (S.D. Cal. July 15, 2014). In *J2 Global Communications, Inc. v. Blue Jay, Inc.*, No. c 08-4254 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009), the district court awarded treble damages because other lawsuits had been brought against the defendant for violations of the TCPA, and defendant had had a prior judgment issued against it for these violations, yet persisted in violating the statute. *Id.* The court may also award treble damages if it finds that statutory damages will be considered trivial and thus will not deter the defendant from future misconduct. *Lexington Consumer Advocacy*, 2016 WL 9185292, at *11.

The Court declines to award treble damages in this case. Mr. Ewing details eight calls made all in the month of May 2019. Although he claims in his Motion for Default Judgment that Defendant has "2 civil lawsuits pending" and that "Senior Life Planning has continued to get sued over and over, year after year[,]" (ECF No. 7, at 18), the only specifics about a lawsuit against Senior Life Planning is one filed in 2019. (*Id.* at 7.) It is not clear that the lawsuit listed was filed before the telephone calls were made to Mr. Ewing in this case. Nor does Mr. Ewing provide any support for his allegation that Defendant has been repeatedly sued for a violation of the TCPA. Therefore, the Court, in its discretion, finds that treble damages are not warranted in this case.

Hence the Court awards statutory damages of $500 per telephone call, or $4,000 for the telephone calls made with an ATDS in violation of §227(b), and the

Court awards additional statutory damages of $500 per telephone call, or $4,000 for the telephone calls made to a Do No Call registered phone, in violation of §227(c).

Plaintiff also requests injunctive relief. Injunctive relief is also available under the TCPA. *Lexington Consumer Advocacy,* 2016 WL 9185292, at *11. The Court finds it appropriate to issue an injunction enjoining Senior Life Planning from contacting telephone number (619)-719-9640 in any fashion.

## III. CONCLUSION

For the above-stated reasons, Plaintiff's Motion for Default Judgment is **GRANTED IN PART.** (ECF No. 7.) The Court **ORDERS** the Clerk of the Court to enter judgment in favor of Plaintiff and against Defendant on Counts One and Three in the amount of $8,000. Furthermore, the Court **GRANTS** Plaintiff's request for injunctive relief: Defendant is enjoined from contacting cellular telephone number (619)-719-9640.

Finally, the Court finds Plaintiff is unable to sufficiently plead a violation of 42 U.S.C. § 227(b)(1)(B) (TCPA call to a residential telephone)—his second cause of action. Plaintiff admits multiple times that the phone number that Defendant called is his cell phone. (*See, e.g.*, Complaint ¶¶ 4, 19.) Therefore, the Court *sua sponte* **DISMISSES** Plaintiff's second cause of action.

This concludes the litigation in this matter. The Clerk is instructed to close the file.

**IT IS SO ORDERED.**

**DATED: September 19, 2019**

Hon. Cynthia Bashant
United States District Judge